IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

MICHAEL THOMPSON

    Plaintiff

    v.

BRISK TRANSPORTATION, L.P.

    And

SUPERVALU INC.

    Defendants

CIVIL NO.: WDQ-06-CV-1968

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

MEMORANDUM OPINION

Michael Thompson sued Brisk Transportation ("Brisk")and SUPERVALU, Inc. ("SUPERVALU") for negligence.  Pending are Brisk's and SUPERVALU'S motions for summary judgment.  For the following reasons, the motions will be granted.

I.  Background

Brisk contracted with SUPERVALU to deliver food and other materials to SUPERVALU stores in the Mid-Atlantic region. Pl.'s Supp. Mem. at 1.  Thompson, as an independent contractor and tractor-trailer driver for Brisk, transported products from SUPERVALU's warehouse in Harrisburg, Pennsylvania to SUPERVALU stores.  *Id.*  Brisk was responsible for maintaining and inspecting the trailers.  *Id.* (Curren Dep. 30:15-21). SUPERVALU was responsible for maintaining the warehouses. SUPERVALU's Supp.

1

Mem. at 2. SUPERVALU employed "yard jockeys" to move the trailers from a parking area to the area where they were picked up by Thompson. *Id.*

On December 9, 2005, Thompson arrived at the Harrisburg warehouse around 6 p.m. to load Trailer 3399[1].  Pl.'s Supp. Mem. at 3 (Thompson Dep. 49:2-12).  As Thompson was backing up his rig, he noticed that the yard jockeys had left the trailer too high to be coupled with his truck.  Pl.'s Supp. Mem. at 3. Thompson had to manually crank the landing gear of the trailer to lower it.  Pl.'s Supp. Mem. at 4 (Thompson Dep. 62:4-21).  As Thompson began to crank, he realized the landing gear had bent back as it attempted to straighten and lower.  *Id.*  The pressure caused Thompson to release the crank handle and the landing gear struck him in the face causing facial injuries that required surgery.  *Id.*

On July 5, 2006 Thompson filed suit against Brisk and SUPERVALU for negligence.

II.  Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A dispute about a material fact is genuine "if the

---

[1] It is undisputed that Trailer 3399 was owned by Brisk.

2

evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The court must view the facts and reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam) (internal quotation marks omitted)).  The opposing party, however, must produce evidence upon which a reasonable fact finder could rely. *Celotex*, 477 U.S. at 324.  The mere existence of a "scintilla" of evidence is insufficient to preclude summary judgment.  *Anderson*, 477 U.S. at 252.

III.  Analysis[2]

A. Brisk's Motion for Summary Judgment

Brisk seeks summary judgment because: (1) Thompson lacks the expert testimony to establish causation; (2) Brisk did not breach its duty because it lacked notice of defect; (3) Thompson may not rely on *res ipsa loquitur* to prove Brisk's negligence; and (4) Thompson may not rely on negligence per se to prove negligence and causation.

---

[2] In this diversity jurisdiction case, Pennsylvania law applies because Thompson has alleged negligence arising out of an accident that occurred in Harrisburg, Pennsylvania. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

1. Expert Testimony to Prove Causation

Brisk argues that expert testimony is needed to prove that its failure to maintain the landing gear and crank caused Thompson's injuries. Brisk asserts Thompson's testimony about the cause of his injuries is mere speculation and insufficient to establish Brisk's negligence. Moreover, operation of the landing gear and crank is not within a juror's common knowledge and requires expert testimony to understand. Thompson counters that expert testimony is not necessary because Thompson's personal observations and professional experience cranking landing gear provide sufficient information about the cause of the alleged accident. Specifically, Thompson asserts he is familiar with cranking landing gear through his school training and experience as a tractor trailer driver for Brisk and another truck company. Pl.'s Supp. Mem. at 7, 8 (Thompson Dep. 18:15-22; 55:7-10; 56:1-21). Thompson also argues that the operation of tractor trailer equipment is common knowledge, and an expert is not required to help the jury.

Federal Rule of Evidence 701 allows opinion testimony by lay witnesses when those opinions are "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R.

Evid. 701.  "Personal knowledge or perception acquired through review of records prepared in the ordinary course of business, or perceptions based on industry experience, is a sufficient foundation to lay opinion testimony" about the safety of vehicle equipment.  *Burlington Northern R. Co. v. Nebraska,* 802 F.2d 994 (8th Cir.1986) *(citing Farner v. Paccar, Inc.*, 562 F. 2d 518, 528, 529 (8th Cir. 1977) (allowing lay opinion testimony of truck operator with extensive experience in the industry regarding the proper use of safety chains)).

In contrast:

> if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

It is well-settled that "expert testimony is proper only where formation of an opinion on a subject requires knowledge, information, or skill beyond what is possessed by the ordinary juror." *Commonwealth v. Seese*, 512 Pa. 439, 442 (1986).  In negligence actions, "[e]xpert testimony is not required where the matter under investigation is so simple, and the lack of skill or want of care so obvious, as to be within the range of the ordinary experience and comprehension of even nonprofessional

persons." *Welsh v. Bulger*, 548 Pa. 504, 514 n.11 (1997) (*quoting Chandler v. Cook*, 438 Pa. 447, 451 n.1 (1970)).  However, "[f]actual evaluations about the existence of a product defect and its causation may often be difficult or in some cases impossible without the testimony of a witness with scientific or technical expertise." *Silvestri v. Gen. Motors Corp.*, 210 F.3d 240, 244 (4th Cir. 2000).

In this case, expert testimony is necessary to determine if the landing gear was defective and the cause of Thompson's injuries.  Thompson has admitted that his conclusions regarding the cause of the bent landing gear are merely his assumptions. Brisk's Mem. at 7 (Thompson Dep. 132).  Moreover, Thompson's experience cranking landing gear as a truck driver and his truck school training do not qualify him to testify about the landing gear.  Thompson had little training on the operation of landing gear cranks, and had been a truck operator with Brisk for only two years at the time of the accident.  Pl's Resp. Mem. at 7 (Thompson Dep. 18:15-21; 55:5-20).  Thus, Thompson's testimony may be helpful in understanding how the accident occurred, but offers no insight whether the equipment was defective because of someone's negligence.  Accordingly, without the assistance of expert testimony, a determination about causation cannot be made.

2. Duty of Care

Thompson contends Brisk's inspection system failed to protect him from potentially dangerous conditions involving its equipment.  Thompson argues that more frequent inspections would have revealed the defect, and he would not have been injured. Further, Thompson argues it was not his duty to inspect the landing gear and discover defects; rather, this was the sole responsibility of Brisk.

Brisk counters it met its responsibility to provide a safe work condition for Thompson.  Further, Thompson failed to inspect the trailer to discover any defects and he failed to report any problems.  Brisk contends, even if it had a duty to inspect, the 120 day inspection interval was reasonable and, in fact, the equipment had been inspected three weeks before Thompson was injured.   Additionally, there had been no prior complaints about the landing gear crank; therefore, even if there had been a defect, it could not reasonably have been discovered by Brisk.

Pennsylvania has adopted the Restatement (Second) of Torts Section 343, which defines a breach of duty of care owed to a business invitee.[3]  A breach of duty exists only if the property

---

[3] "A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of land."  Restatement (Second) Torts § 332(3) (1965).  "Employees of independent contractors are 'invitees' who fall within the classification of 'business visitors.'"  *Darrah v. Jones & Laughlin Steel Corp.*, 397 Pa. 334, 338 (1959).  The parties acknowledge that Thompson

owner:

> (a) knows or by exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343.

A possessor of land is not an insurer of his business invitee, thus a plaintiff must establish some degree of negligence on the defendant's part to recover. *Lonsdale v. Joseph Horne Co.*, 403 Pa. Super. 12, 18 (1991). Circumstantial evidence is adequate, and it is not necessary that every fact or circumstance point to liability; however, the mere happening of an accident is not evidence of negligence. *Id.* at 19. Thus, a jury verdict may not be based on speculation or unreasonable inferences. *Winkler v. Seven Springs Farm, Inc.*, 240 Pa. Super. 641, 646 (1976).

Comment *e* of Section 343 states "in determining the extent of preparation which an invitee is entitled to expect to be made for his protection, the nature of the land and the purposes for which it is used are of great importance." "A possessor who holds his land open to others must possess and exercise a knowledge of the dangerous qualities of the place itself and appliances provided..." *Id.* The duty of inspection

---

was a business invitee.

8

distinguishes the obligation owed by the possessor to business visitors from the obligation owed to licensees. *Lonsdale,* 403 Pa. Super. at 20.  A visual inspection has long been required for protection of business visitors, *Travers v. Delaware Co.,* 280 Pa. 335 (1924), and the duty *may* go beyond a mere visual inspection. *Starke v. Long*, 221 Pa. Super. 338 (1972).  "Whether a landowner owes a duty to warn an independent contractor of dangerous conditions on the premises turns on whether the owner possesses 'superior knowledge' or information which places him in a better position to appreciate the risk posed to the contractor or his employees by the dangerous condition." *Gutteridge v. A.P. Green Services, Inc.*, 804 A.3d 643, 657-68 (*quoting Colloi v. Philadelphia Elec. Co.*, 332 Pa. Super. 284 (1984)).

There is no evidence how the bent landing gear was caused. Brisk's inspection system fully complied with the Department of Transportation ("DOT") regulations.  Brisk's Resp. Mem. at 2; Brisk Resp. Mem. Ex 3.  Further, the  inspection completed three weeks prior revealed no landing gear problems, and Brisk had not recently received any reports of such problems.  Brisk's Mem. at 12; Brisk's Mem. Ex. C (Curren Dep. 21-23).  Also because neither Thompson nor the yard jockeys discovered any visible defects before the incident, there is no evidence that Brisk's visual inspection would have prevented Thompson's injuries.  Brisk's Mem. at 12, 13.  Therefore, Thompson has failed to prove Brisk

9

breached its duty of care.[4]

3. *Res Ipsa Loquitur*

Thompson relies on *res ipsa loquitur* to prove negligence and causation by Brisk.  Thompson has failed to demonstrate that Brisk caused the accident; therefore summary judgment is appropriate on this claim.

In *Gilbert v. Korvette*, 457 Pa. 602, 611-612 (1974), Pennsylvania adopted Section 328D of the Restatement (Second) of Torts, which explains how *res ipsa loquitur* may be used to prove negligence and causation. The Section provides:

> (1) It may be inferred that harm suffered by the plaintiff
> is caused by negligence of the defendant when
>     (a) the event is of a kind which ordinarily does not
>     occur in the absence of negligence;
>     (b) other responsible causes, including the conduct of
>     the plaintiff and third persons, are sufficiently
>     eliminated by the evidence; and
>     (c) the indicated negligence is within the scope of the
>     defendant's duty to the plaintiff.
> (2) It is the function of the court to determine whether the
> inference may reasonably be drawn by the jury, or whether it
> must necessarily be drawn.
> (3) It is the function of the jury to determine whether the
> inference is to be drawn in any case where different
> conclusions may reasonably be reached.

---

[4] Alternatively, Brisk argues that Thompson's failure to immediately report the incident and his failure to conduct his own inspection eliminates its liability.  This is incorrect. Brisk may require operators to conduct an inspection of their tractor and trailer pre-trip, but this does not shift responsibility for reasonable inspection to Thompson. *See* Restatement (Second) Torts § 343 cmt. *d* (" an invitee is not required to be on the alert to discover defects which, if he were a mere licensee, entitled to expect nothing but notice of known defects, he might be negligent in not discovering").

*Id.*

To reach the jury, Thompson must prove each element in Section 328D(1) by a preponderance of the evidence.  *Hollywood Shop, Inc. v. Pa. Gas and Water Co.*, 270 Pa. Super. 245, 249 (1979).  Generally, in negligence actions, an accident does not raise a presumption of negligence.  *Sweeney v. Erving*, 228 U.S. 233, 238 (1913).  However, there is a class of cases when the circumstances that caused the injury suggest that the defendant's due care would have prevented the accident.  *Id*.  Thompson presents two arguments that Brisk is negligent under the theory of *res ipsa loquitur*: (1) his injuries were more likely than not caused by the negligence of Brisk and not a third person, and (2) Brisk was in exclusive control of the trailer at the time of incident.

a.   Eliminating other Causes

Brisk argues that Thompson's failure to eliminate other persons or his own actions as the cause of the accident precludes reliance on *res ipsa*.

To infer the defendant's negligence, it is necessary that a preponderance of the evidence point to the defendant. Restatement (Second) of Torts § 328D cmt. *f*.  If it is equally probable that the negligence was a third person's, the plaintiff has not proved his case.  *Id.*  However, the plaintiff is not required to exclude all other possible conclusions beyond a

reasonable doubt.  *Id.*  "It is enough that he present evidence
from which the jury may reasonably conclude that the negligence
was, more probably than not, that of the defendant."  *Id.*  The
plaintiff must also eliminate his own conduct as a cause.
Restatement (Second) of Torts § 328D cmt. *i*.  "Where the evidence
fails to show a greater probability that the event was due to the
defendant's negligence than that it was caused by the plaintiff's
own conduct, the inference of the defendant's responsibility
cannot be drawn."  *Id.*

Viewing the evidence in the light most favorable to
Thompson, a reasonable jury could not conclude that it is
probable that Thompson's injuries were caused by Brisk's
negligence.  Thompson stresses that, under the contracts with
SUPERVALU and himself, Brisk had exclusive responsibility for the
trailer and agreed to indemnify SUPERVALU in any claim for
injuries.  This evidence is relevant to proving Brisk was in
exclusive control, but fails to eliminate the possibility that
someone else caused the accident.  Brisk has presented
uncontroverted evidence that suggests the yard jockeys, the last
ones to have the trailer before it was placed on the loading
dock, caused the accident. Brisk's Mem. Ex. C (Curren Dep. 29:2-
21).  Thompson has also failed to eliminate his own actions as a
possible cause of the accident.  Brisk has also provided
uncontroverted testimony from other truck operators that Thompson

12

improperly operated the landing gear.  Brisk's Mem. at 14;
Brisk's Mem. Ex. B (Brockman Dep. 19).

      b.  Exclusive Control

    Thompson also cannot show that Brisk was in exclusive
control of the trailer when the accident occurred. Comment *g* of
the Restatement states that the defendant's negligence may be
inferred from "a showing that a specific instrumentality which
has caused the event, or all reasonably probable causes, were
under the exclusive control of the defendant."  Restatement
(Second) Tort § 328D cmt. *g*.  The defendant may still be
responsible if he shares control with another, as long as he had
a duty to the plaintiff, or had been in control at the time of
the probable negligence.  *Id.*  Thompson relies solely on Brisk's
responsibility for maintenance and inspection of the trailer to
establish control.  However, the evidence is that SUPERVALU
employees had control of the trailers immediately before the
accident occurred.  Thompson Dep. 130:5-10.  A jury could not
exclude SUPERVALU's negligence; therefore the inference of
Brisk's responsibility is not required.

    4. Negligence Per Se

    Negligence per se has been defined as "'[c]onduct, whether
of action or omission, which may be declared and treated as
negligence without any argument of proof as to the particular
surrounding circumstances.'"  *Wagner v. Anzon, Inc.*, 453 Pa.

13

Super. 619, 626-627 (1996) (*quoting White ex rel. Stevens v.*

*Southeastern PA. Transp.*, 359 Pa. Super. 123, 135 (1986)).

Pennsylvania recognizes that a violation of a statute or

ordinance may serve as the basis for negligence *per se*. *White*,

*359 Pa. Super* at 135.  To prove a claim based on negligence per

se, Thompson must meet the following requirements:

> (1) The purpose of the statute must be, at least in part, to protect the interest of a group of individuals, as opposed to the public generally;
> (2) The statute or regulation must clearly apply to the conduct of the defendant;
> (3) The defendant must violate the statute or regulation;
> (4) The violation of the statute or regulation must be the proximate cause of the plaintiff's injuries.

*See Wagner*, 453 Pa. Super at 627-628.

Thompson claims Brisk violated Section 396.3(a) of the

Federal Motor Carrier Safety Administration rules which indicates

the type of inspection, repair and maintenance required of all

motor vehicles.  The regulation states:

> (a) General- Every motor vehicle shall systematically inspect, repair, and maintain, or cause to be systematically inspected, repaired and maintained, all motor vehicles subject to its control.
> > (1) Parts and accessories shall be in safe and proper operating condition at all times.  These include those specified in Part 393 of this subchapter and any additional parts and accessories which may affect safety or operation, including but not limited to, frame, and frame assemblies, suspension systems, axles and attaching parts, wheels and rims, and steering systems.

Federal Motor Carrier Safety Regulations 49 C.F.R. § 396.3

(1995).

14

Thompson argues that if Brisk had performed more frequent inspections, as required by Section (a)of the regulation, the landing gear defect would have been discovered, and Thompson would not have been injured.   As discussed above, Brisk did not breach its duty to inspect because its 120 day preventive maintenance schedule complied with DOT regulations, and a more frequent inspection was not necessary.   Therefore, Thompson has not established a violation of § 396.3(a).

Also, § 396.3(a) is not an appropriate basis for a negligence *per se* claim because it does not establish a specific standard of care.   *See Shamnoski v. PG Energy, Div. S. Union Co.*, 579 Pa. 652, 673 (2004).   Section 396.3(a) simply requires a motor carrier to maintain motor vehicles "in safe and proper operating conditions."   49 C.F.R. § 396.3(a).   This is nothing more than a restatement of the basic negligence standard of care.

B. SUPERVALU's Motion for Summary Judgment

Thompson claims SUPERVALU was negligent based on premise liability because SUPERVALU owned the warehouse where the accident occurred.   Thompson argues SUPERVALU breached its duty of care because it created a dangerous condition on its premises, i.e., placing the trailer too high, and failed to warn Thompson. As a result, Thompson allegedly sustained injuries.   SUPERVALU counters that Thompson has presented no evidence that the yard jockeys were responsible for placement of Trailer 3399.   Rather,

15

Thompson merely assumes that the yard jockeys were responsible for placement of the trailer and bent the landing gear. SUPERVALU argues that even if the trailer was defective, it had no duty to warn Thompson of the condition because Brisk, not SUPERVALU, had the duty to maintain and inspect the trailers.

To prove SUPERVALU's negligence, Thompson must present evidence which proves that SUPERVALU breached its duty of care.[5] This evidence must show SUPERVALU knew, or in the exercise of reasonable care, should have known, of the existence of a harmful condition. *See Zito v. Merit Outlet Stores*, 436 Pa. Super. 213, 217 (1994). The plaintiff must prove that the defendant helped to create the harmful condition, or had actual or constructive notice of the condition. *Moultrey v. Great A. & P. Tea Co.*, 281 Pa. Super. 525 (1980). A jury may not return a verdict based on speculation. *Winkler,* 240 Pa. Super. at 646.

There is no evidence that SUPERVALU created a dangerous condition. Thompson testified that the yard jockeys left the trailer in a higher-than-normal position and bent the landing

---

[5]A breach of that duty of care exists only if the property owner:
   (a) knows or by exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
   (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
   (c) fails to exercise reasonable care to protect them against the danger.
Restatement (Second) of Torts § 343.

gear, which caused his injuries.  Pl.'s Resp.  at 8 (Thompson

Dep. 53:4-15).  Yet, Thompson conceded that these were merely his

assumptions.  SUPERVALU's Resp. at 3 (Thompson Dep. 130:5-22;

131:3-22).  These assumptions are not a basis for imposing

liability on SUPERVALU.  Even if SUPERVALU had created the

condition, Thompson has no evidence that it was in a position to

know of and protect against the danger.  Thompson admitted the

bent landing gear was not visible to the naked eye and would have

been difficult to detect.  Pl.'s Resp. at 11.

There is no evidence that SUPERVALU has responsibility for

the trailers.  Thompson admits that Brisk owned and was

responsible for maintenance and inspection of Trailer 3399.

SUPERVALU's Reply Mem. at 3.  The yard jockeys were solely

responsible for moving the trailers for delivery and assisting

tractor operators with lowering them.  Thus, it was Brisk's duty,

not SUPERVALU's, to inspect and discover defects in the

equipment.  On this record, no reasonable jury could conclude

that SUPERVALU's negligence caused Thompson's injuries.

IV.   Conclusion

For the reasons discussed above, the motions for summary

judgment will be granted.


August 23, 2007 _____/s/_____
Date                    William D. Quarles, Jr.
                        United States District Judge


17